UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

               Plaintiff,

     v.

WASHINGTON STATE LEGISLATURE,
et al.,

               Defendants.

CASE NO. 2:26-CV-905-KKE

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

Petitioner John Robert Demos, Jr. has filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint suing the Washington State Legislature, Washington State Governor Robert Ferguson, County Auditors, and the Secretary of Washington State (together, "Defendants"). Dkt. No. 1. In his complaint, Demos alleges that Defendants violate the U.S. Constitution by implementing a voter re-districting "scheme," and appears to seek to related injunctive relief. *Id.* at 1–8. The matter is now before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel. Dkt. No. 2.

In his R&R, Judge Christel explained that pursuant to a 1992 Bar Order, Demos is permitted to file only three IFP applications and proposed complaints per year. *Id.* at 2 (citing *In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982)). Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Christel additionally explained that in order to proceed IFP, Demos must demonstrate that he is in "imminent danger of serious physical injury … because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state a claim." *Id.* at 2 (citing *Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999)). Here, because Demos has already filed over twenty-five lawsuits so far this year, and because Demos does not demonstrate that he is in imminent danger of serious physical injury, Judge Christel recommended denying Demos's IFP application and dismissing the complaint.

Demos filed objections to the R&R. Dkt. No. 3. Those objections appear to be lodged at R&Rs issued across more than one case (*id.* at 2–3), and as such, reference various statutes that are not at issue in Demos's complaint in this case. *See, e.g.*, *id.* at 6 (referencing a False Claims Act complaint); *id.* at 19 (asking whether the Foreign Sovereign Immunities Act applies in criminal proceedings). In other words, at a high level, it appears as though Demos's objections are not directed at the R&R that was issued in this case. Although Demos generally asserts that the R&R commits "plain error" and is "clearly erroneous," his objections fail to engage meaningfully with Judge Christel's analysis. *Id.* at 8. Crucially, Demos fails to offer argument regarding the 1992 Bar Order or demonstrate that he is in imminent danger of serious physical injury. As such, the Court will overrule Demos's objections and adopt Judge Christel's R&R.

The Court, having reviewed the R&R of United States Magistrate Judge David W. Christel (Dkt. No. 2), objections to the R&R (Dkt. No. 3), and the remaining record, does hereby find and ORDER:

(1)   The Court ADOPTS the R&R. Dkt. No. 2.

(2)   Plaintiff's proposed complaint is DISMISSED without prejudice, the IFP application is denied, and this case is closed.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

(3)   The Clerk is DIRECTED to send copies of this Order to Plaintiff, counsel for Defendants, and to the Hon. David W. Christel.

**DATED** this 7th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 3